## WILLIAM K. ATWOOD *vs.* GEORGE E. WEEDEN *et als.*

A. and C. made a bet on the presidential election and deposited the stakes with W. After-
  wards becoming dissatisfied with the stakeholder they demanded their money and re-
  ceived W.'s note for the amount with two indorsers. A. had the note discounted at bank,
  and while it was in bank assigned it to the plaintiff. The note went to protest.
In an action by the plaintiff against W. and his indorsers the jury found that the plaintiff
  was not a *bonâ fide* holder for value and without notice.
*Held*, that the plaintiff could not recover.
*Held*, further, that the note was tainted with illegality in its origin, and could therefore be
  good only in the hands of a purchaser for value in good faith and without notice.


PLAINTIFF'S petition for a new trial. The facts are stated in
the opinion of the court.

*Dexter B. Potter*, for plaintiff. At common law, a wagering
party can recover the money from the stakeholder upon demand,
or on giving notice to him before he has paid it over. The Rhode
Island statute does not cover this transaction. *Ball* v. *Gilbert*,
12 Met. 397–402 ; *McKee* v. *Manice*, 11 Cush. 357 ; *Fisher* v.
*Hildreth*, 117 Mass. 558 ; *Love* v. *Harvey*, 114 Mass. 80 ; *Wheeler*
v. *Spencer*, 15 Conn. 28 ; *Morgan* v. *Groff*, 4 Barb. S. C. 524 ;
*Perkins* v. *Eaton*, 3 N. H. 152. Contracts only indirectly con-
nected with wagers are neither void nor voidable. *Turner* v.
*Dodge*, 1 Dane's Abr. 194 ; *Lurton* v. *Gilliam*, 2 Ill. 577 ; *Heir-*

*onimus* v. *Harris*, 14 B. Mon. 313; *Welford* v. *Gilham*, 2 Cranch C. C. 556; *Jones* v. *Sevier*, 1 Litt. 50; *Bell* v. *Parker*, 3 Dana, 51; *Bowen* v. *Doggett*, 2 Nott & McC. 127.

*James W. Blackwood*, for defendants.

March 1, 1879. DURFEE, C. J.   The case disclosed by the petition is this: On the 7th of November, 1876, Anson W. Aldrich and Philip Case made a bet on the result of the presidential election then impending and deposited the money, one hundred dollars each, in the hands of the defendant Weeden as stakeholder.   The bet was not to be decided until the inauguration of the president elect, March 4, 1877.   Afterwards, but previous to March 4, 1877, both parties to the bet became doubtful of the safety of their money, and Aldrich proposed to have it withdrawn, saying, according to the testimony of Case, that he could, or would like to, use it and would, upon the decision of the wager, pay it over if he lost.   Aldrich next spoke to Weeden, who consented to pay the money to him on Case's written order.   The order was obtained, but Weeden failed to produce the money, and instead thereof gave his negotiable promissory note dated January 18, 1877, payable to the order of Matthew Campbell, and indorsed by Campbell and George W. Grant, co-defendants with Weeden in this action.   Aldrich then indorsed the note and got it discounted at the Manufacturers National Bank. Afterwards, before the note fell due and while it was still held by the bank, Aldrich sold the note for $175.00 to the plaintiff, but without disclosing to him the circumstances of its origin. After this, before the note fell due, Aldrich notified Case that all bets on the election had been "declared off."   The note while still in bank went to protest, and Aldrich and the other indorsees were duly notified thereof.   Aldrich then notified the plaintiff, who paid and took up the note, and received $25.00 from Aldrich.   Testimony was introduced to show that the plaintiff, before paying for the note, was informed of the circumstances in which it originated.   This action was brought to recover on the note.

The court instructed the jury that if the note was given for the money staked, and Aldrich was to hold it in the same manner in which Weeden held it, then the note was illegal, and the plaintiff, if informed of its illegality before paying for it at bank,

could not recover upon it; and the court refused to grant various requests for instructions of a different character. The jury found for the defendant, and the plaintiff now petitions for a new trial for error in the charge of the court.

It was entirely competent for Aldrich and Case, or for either of them, to have rescinded the bet, and at any time after making it to have reclaimed the money. If they had done so and Weeden had refused to repay them, he would have been liable to an action for the money. But they did not do so. Their purpose appears to have been not to rescind the bet, but to insure its fulfilment, and the note in suit was made as an instrument to effect or secure the transfer of the stakes from Weeden to Aldrich, because Aldrich was believed to be the safer stakeholder. The note, therefore, having been executed and delivered in furtherance of an unlawful transaction, comes within the rule, *ex maleficio non oritur contractus;* and of course being tainted in its origin it can acquire no validity afterwards, unless it passes into the hands of a *bonâ fide* holder for value without notice. The jury have found that the plaintiff, who confessedly acquired his title from Aldrich, and not from the bank, and who consequently could not have perfectly acquired it until after the note had been protested, is not such a holder. 2 Parsons on Contracts, 755–6, and notes; *McKinnell* v. *Robinson,* 3 M. & W. 434; *Finn & Dulany* v. *Barclay,* 15 Ala. 626.

The plaintiff contends that he is entitled to recover at least half the face of the note, because Aldrich is entitled to that amount on disavowing the bet. Aldrich is doubtless entitled to that amount, and, when he comes into court with clean hands, can recover it; but it does not follow that the plaintiff can recover it in his place on the note, which is his only ground of action; for the note, as we have seen, was given in furtherance of the bet, and is therefore steeped in its illegality. A new trial is denied.                *Petition dismissed.*